By the Court.—Monell, J.
There was perhaps some very slight evidence, that the plaintiff made the loan to Mrs. Holland. But it was so slight, and was so distinctly contradicted by her, that it was probably not error to withhold that question from the jury. But if it was otherwise, the objection cannot be taken now. There was no request made at the trial to submit any question to the jury, and it is well settled, that unless such request is made, the objection cannot afterwards be taken (O’Neil v. James, 43 N. Y. (4 Hand) 84). This rule, now so well established, is entirely in accord with the views expressed in Bunge v. Robinson, 5 *501 Robt. 1 and 21. Mr. Justice Joxes there says, where there are no requests, the only question for the court is, whether, upon the uncontroverted facts, the direction was not erroneous. But where" the evidence is at all conflicting, it cannot be objected for the first time on appeal, that the case should have been given to the jury-
The only remaining question, therefore, must be examined without reference to any of the disputed facts, and as if the jury had found, that Mrs. Holland signed the note, merely as surety for her husband.
Looking at the case in that light, it cannot be distinguished from Yale v. Dederer (18 N. Y. 265, and 22 Id. 450). In that case, it was clearly and distinctly held, that in order to charge her separate estate, by a married woman, the intention to do so must be declared in the very contract which is the foundation of the charge ; or the consideration must be obtained for the direct benefit of the estate itself. That case has not only not been disturbed by any subsequent case, but has been expressly recognized and approved by all of them (White v. McNett, 33 N. Y. 371 ; Owen v. Cawley, 36 Id. 600 ; Ballin v. Dillaye, 37 Id. 35 ; Corn Ex. Ins. Co. v. Babcock, 42 Id. (3 Hand) 613).
As Mrs. Holland expressed no intention of charging her separate estate, and there was no proof that the money was obtained for the benefit of her separate estate, neither she nor her estate is liable, and the direction of the court below was correct.
Judgment affirmed.